**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5218-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DANIEL J. RIOS, a/k/a DANIEL HERNANDEZ,
GABRIEL RUIZ, DANIEL H. RIOS, GABRIEL
RIOS, SEAN DAVIS, GABRIEL RUIS, and
DANIEL JESUS RIOS,

     Defendant-Appellant.

_____

Submitted June 19, 2018 - Decided September 18, 2018

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-09-0804.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Perrone, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Michelle J. Ghali, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Daniel J. Rios appeals from the dismissal of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

Defendant was indicted on charges of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree robbery, N.J.S.A. 2C:15-1; second-degree burglary, N.J.S.A. 2C:18-2; and first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) arising out of his asphyxiation of a ninety-two-year-old woman in the course of robbing her home. Defendant's fingerprints were found in the victim's kitchen and he confessed to the crime. He was not yet forty years old and had nine prior indictable convictions. His sentencing exposure was a life term without parole.

In exchange for a plea to felony murder, the State offered defendant a sentence of thirty-five years with an eighty-five percent period of parole ineligibility. Defendant ultimately executed a supplemental plea form for a non-negotiated plea based on the judge's representation that he would sentence defendant to a thirty-year prison term with thirty years of parole ineligibility.

A-5218-16T1

Although defendant had already signed the supplemental plea form for No Early Release Act (NERA) cases, see N.J.S.A. 2C:43-7.2, acknowledging his plea to felony murder would require the court to impose a five-year period of parole supervision to begin as soon as his incarceration ended, the judge specifically addressed the issue with defendant during the plea colloquy. The judge explained to defendant that he would be

> subject to the No Early Release Act even though it's a 30 with a 30 and that means under the No Early Release Act you'd be subject to five years of parole supervision after you're released, and if you violate any of the provisions, that means that you could be returned to state prison for up to that five-year period even though you may have maxed out on the original 30 with a 30. Do you understand that?

When defendant acknowledged he understood that, the judge noted that question three on the NERA form was not circled. He accordingly asked defendant if he understood

> that if you violate the conditions of your parole supervision that your parole may be revoked and that you may be subject to return to state prison to serve all or any of the remaining period of parole supervision, even if you completed serving the term of imprisonment previously imposed? That's what we just went over.

When defendant again acknowledged he understood, his counsel followed up, asking "And you are aware of that, right, Mr. Rios?" To which defendant replied, "Yes."

Defendant filed a timely petition for post-conviction relief claiming his plea counsel failed to explain he would be subject to five years of parole supervision after his release. He claimed she told him he would get "30 with 30" and that is what he expected. He further claimed he "felt a tremendous amount of anxiety as the judge was talking" and "could not follow the court's remarks" or "bring [him]self to ask questions [he] had about the plea." Defendant claimed he would not have accepted the plea had he known he would be subject to five years of parole supervision "and the possibility of returning to prison in the face of a parole violation."

After hearing the argument of counsel, the judge issued a written opinion denying the petition on the basis defendant had failed to establish a prima facie claim for relief. See State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge found defendant's claim that he was unaware of the five-year parole supervision term at the time he entered his plea was belied by the transcript of that proceeding. Specifically, the judge noted the court had taken pains to

A-5218-16T1

explain to defendant that he would be subject to the five-year parole supervision term "even though it's a 30 with a 30."

Applying the Strickland[1] test, the judge found defendant could not establish either that his attorney's representation fell below an objective standard of reasonableness or that but for counsel's errors, defendant would not have entered a guilty plea and instead would have insisted on going to trial. See State v. Gaitan, 209 N.J. 339, 351 (2012). Again relying on the plea transcript, the judge found the parole supervision term was thoroughly discussed, defendant asserted several times he was aware of the consequences of his plea, including the parole supervision term, that he had discussed it with his counsel and was satisfied with her performance. The judge found no merit to defendant's claims.

On appeal, defendant presents only one argument:

> DEFENDANT WAS ENTITLED TO AN
> EVIDENTIARY HEARING ON HIS CLAIM OF
> INEFFECTIVE ASSISTANCE OF PLEA COUNSEL
> FOR FAILING TO CORRECTLY ADVISE HIM
> THAT HE WOULD BE SUBJECT TO A FIVE-YEAR
> PERIOD OF PAROLE SUPERVISION UPON HIS
> RELEASE FROM PRISON.

---

[1] Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

We reject his argument and affirm the denial of defendant's petition substantially for the reasons set forth in Judge McDaniel's May 23, 2017 written opinion applying <u>Strickland</u>.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5218-16T1